# United States Court of Appeals

## For the Eighth Circuit

_____

No. 12-2090
_____

Apex Oil Company, Inc.

*Appellant*

v.

Commissioner of Internal Revenue

*Appellee*

_____

Appeal from the United States Tax Court

_____

Submitted: January 15, 2013
Filed: March 26, 2013
[Unpublished]

_____

Before RILEY, Chief Judge, WOLLMAN and GRUENDER, Circuit Judges.

_____

PER CURIAM.

The Internal Revenue Service ("IRS") assessed penalties against Apex Oil Company ("Apex") for failing to file correct information returns under § 6721[1] and failing to furnish correct payee statements under § 6722 during the 2003, 2004, and

_____

[1] All statutory section references are to the Internal Revenue Code ("the Code"), Title 26 of the United States Code.

2005 tax years, concluding that an Apex "consultant" should have been considered an Apex employee for federal employment tax purposes during those years. Before issuing a notice of determination of employee status, the IRS offset some of Apex's excise tax overpayments (related to an independent tax obligation)[2] against the § 6721 and § 6722 penalties. Apex filed a petition challenging the offsets, which the Tax Court[3] dismissed for lack of jurisdiction. Apex appeals, and we affirm.

On October 19, 2007, the IRS notified Apex that it believed an Apex consultant was actually an employee for federal employment tax purposes. The IRS proposed a retroactive adjustment of Apex's employment tax obligation for the 2003, 2004, and 2005 tax years. Between April and June 2008, the IRS sent Apex a series of "CP215" notices explaining that it also had assessed penalties related to the mistaken classification under § 6721 and § 6722. The IRS sent several notices of its intent to levy Apex's property to satisfy the penalties. During this time, Apex sought to suspend any collection of the penalties until the determination became final. Between November 2008 and March 2009, the IRS offset some of Apex's excise tax overpayments against the penalties pursuant to its statutory authority under § 6402. Apex filed a claim for refund of the overpayments that the IRS had offset, which the IRS denied.

On November 20, 2009, the IRS issued a notice of determination that the worker at issue should have been considered an employee for federal tax purposes. Apex filed a timely petition with the Tax Court to contest the worker's classification on February 10, 2010. On November 29, 2011, Apex filed a second petition with the Tax Court, asking it to (1) determine that the IRS improperly assessed the § 6721 and § 6722 penalties against Apex, (2) determine that Apex had no liability on the

---

[2]Apex has a practice of overpaying its excise taxes and applying the excess balance against future excise tax liabilities.

[3]The Honorable John O. Colvin, Chief Judge, United States Tax Court.

penalties when the IRS offset them, (3) determine that the IRS violated § 6402(a) when it offset the penalties, (4) order the Commissioner to refund the overpayments used to offset the penalties, (5) enjoin the IRS from offsetting further penalties, (6) award Apex reasonable litigation costs, and (7) grant Apex such other amounts and make such other orders as the Tax Court deemed appropriate. The Tax Court dismissed Apex's November 29, 2011 petition, finding that it lacked jurisdiction because Apex filed the petition more than 90 days after the IRS issued the notice of determination. *See* § 7436(b)(2).

We have jurisdiction to review Tax Court decisions pursuant to § 7482(a)(1). "We review de novo a tax court's conclusion of law, including a determination regarding its jurisdiction." *Bartman v. Comm'r*, 446 F.3d 785, 787 (8th Cir. 2006). "As an Article I court, the tax court is a court of 'strictly limited jurisdiction.'" *Id.* (quoting *Kelley v. Comm'r*, 45 F.3d 348, 351 (9th Cir.1995)).

Apex argues that § 7436 creates Tax Court jurisdiction in this case because the IRS assessed the § 6721 and § 6722 penalties before issuing the notice of determination. *See* § 6213(a) (providing that, with limited exceptions not relevant here, "no assessment of a deficiency . . . shall be made, begun, or prosecuted until such notice has been mailed to the taxpayer . . . nor, if a petition has been filed with the Tax Court, until the decision of the Tax Court has become final"); § 7436(d)(1) (noting that the jurisdictional principles of § 6213(a) apply to notices of determination). Apex suggests no other basis for Tax Court jurisdiction.

Section 7436 also provides, however, that "no proceeding may be initiated under this section with respect to . . . [a notice of] determination unless the pleading is filed before the 91st day after the date of such mailing." § 7436 (b)(2). Apex filed its November 29, 2011 petition more than two years after receiving the notice of determination, long after the February 18, 2010 deadline. Apex contends that the Tax Court nevertheless had jurisdiction in this case because Apex timely filed the

February 10, 2010 petition and because "the factual and legal issues surrounding the imposition of the I.R.C. §§ 6721 and 6722 penalties are identical to the issues currently pending before the Tax Court" in the February 10, 2010 petition. That petition, however, initiated a different proceeding than that initiated by the November 29, 2011 petition. Having premised its jurisdictional argument for the November 29, 2011 petition on § 7436, Apex cannot simultaneously avoid that section's timeliness requirements.

Accordingly, we affirm the Tax Court's dismissal of Apex's November 29, 2011 petition as untimely.

_____